**TIBBALS, Plaintiff-Appellee, v. COOPER, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4915.  Decided May 28, 1954.

Chamblin & Price, Columbus, for plaintiff-appellee.
L. P. Henderson, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is an appeal on questions of law from the judgment rendered in favor of the plaintiff by the Common Pleas Court of Franklin County, Ohio.

This case has been before this Court previously on appeal.  The action was for an accounting by the cotenants who owned fractional interests in a residential property.  The defendant-appellant has occupied the property since 1945, and has collected some rents.  The trial court rendered a default judgment against the defendant-appellant on February 23, 1952, and in the judgment entry the trial court found that the annual rental value of the property was in excess of $840.00, as alleged in the petition.  The court further found that the plaintiff and a co-defendant were entitled to an accounting for their respective interests in the rent income and profits and continued the matter for hearing thereon.  From an order overruling defendant's motion to vacate the judgment an appeal was taken to this Court.  The appeal was dismissed for failure to comply with the rule of this Court with respect to the time for filing briefs.  Later the matter of accounting was heard in the Common Pleas Court.  Evidence was offered by the defendant-appellant on the question of the rental value of the premises.  The plaintiff rested its claim on the former finding, and offered no evidence that the rental value was in excess of $840.00 annually.  The Court allowed the defendant to take credit for repairs and expenditures during occupancy.  However, the Court ruled it was bound by the former judgment as to the rental value of the premises, first, because the term had passed and, second, that the judgment was attacked on appeal which had been decided adversely to appellant.  The effort made by the defendant to vacate that judgment failed, and the judgment having become final the trial court was bound thereby.  But the appellant here contends that the Court was not bound by the judgment on the ques-

tion of the rental value of the premises. This contention could prevail only if the Court, in rendering its judgment, did so without any supporting evidence. We have searched the record in its entirety and find it to be silent on this question. In the absence of affirmative proof to the contrary, we must indulge the presumption that the judgment was regular; a presumption of validity attends a judgment of a court of record of general jurisdiction, regular on its face. **Vol. 23 O. Jur., page 1362, Sec. 1384.**

We have carefully considered every assignment of error and find none well made. Judgment affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.